972 F.2d 343
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Eugene MORGAN, Defendant-Appellant.
 No. 92-5068.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 8, 1992
Decided: August 24, 1992
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (CR-91-124)
 ARGUED: Edward Henry Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.
 William Joseph Powell, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 ON BRIEF: Hunt L. Charach, Federal Public Defender, Charleston, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 Affirmed.
 Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Richard Morgan pled guilty to unlawful possession of an unregistered firearm in violation of 26 U.S.C.A. §§ 5861(d) and 5871 (West 1989). He reserved his right to appeal the denial of his Motion to Suppress the firearm on the ground that the Government obtained it in a search which violated the Fourth Amendment. We agree with the district court's ruling and affirm.
 
 
 2
 Morgan's primary contention on appeal is that police officers searched his house without a search warrant in violation of the Fourth Amendment. The police officers entered Morgan's house pursuant to a warrant for his arrest. Although Morgan does not challenge the probable cause basis for the arrest warrant, he points out that an arrest warrant only authorizes the seizure of a person to answer charges. In contrast, it is a search warrant which authorizes the search of a dwelling and the seizure of evidence. See Steagald v. United States, 451 U.S. 204, 213 (1981). In Payton v. New York, 445 U.S. 573, 602-03 (1980), the Supreme Court held that an arrest warrant founded on probable cause implicitly carries with it the authority to enter the home of the person who is the subject of the arrest warrant, if the police have reason to believe the suspect is in the home.
 
 
 3
 After an evidentiary hearing, the district court concluded that the police officers who entered Morgan's home reasonably believed that he was present in his home. The police officer who initially arrived at Morgan's house observed that the interior lights were on and that Morgan's car was parked at the rear of the house. The officer then drove past the house. When he passed the house a second time, the lights were still on and the car was still parked in the rear. The police officer testified that while he was watching Morgan's home, he saw Morgan run across the yard toward his house. By the time the officer reached the house, the interior lights were off.
 
 
 4
 The police officer waited until another officer brought the arrest warrant for Morgan. They both knocked on Morgan's door and announced themselves as police officers. When they received no answer, they forced open the door and went into the house. The officers conducted a room by room search for Morgan. During this search, they entered a bedroom and looked under the bed to see if Morgan was hiding there. Morgan was a man of small stature and capable of hiding under the bed. When they looked under the bed they found the sawed-off shotgun which Morgan seeks to suppress.
 
 
 5
 Morgan asserts that the police officer gave inconsistent testimony regarding whether he saw Morgan running toward his home or actually enter his home. Morgan testified that he ran through his yard but that he did not enter his home and other defense witnesses corroborated this testimony. Applying the Payton standard, however, the district court was not required to determine that Morgan did, in fact, enter his home, but only that the officers had reason to believe that he was in his home. See id.
 
 
 6
 It is undisputed that the officer saw Morgan running toward his house. This fact, coupled with the officer's testimony that the interior lights were first on and then off, is sufficient to provide the officers with a reason to believe that Morgan was in his home. The officer also reasonably believed Morgan might be hiding under the bed. Instead they found the shotgun in plain view and properly seized it. United States v. Beck, 729 F.2d 1329, 1332 (11th Cir. 1984) (per curiam), cert. denied, 469 U.S. 981 (1984).
 
 
 7
 Though Morgan disagrees with the credibility determinations of the district court, it is the role of the district court to observe witnesses and weigh their credibility. See United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir. 1987) (per curiam). We review credibility determinations and resultant factual findings for clear error. We find no error here.
 
 
 8
 Because we affirm the district court's determination that the initial entry into the house was lawful and the plain-view seizure of the sawed-off shotgun was proper, we have no need to address Morgan's arguments regarding the independent source doctrine or the validity of his consent to a search of his home subsequent to his arrest. These arguments are not relevant when there is no taint of illegality from the initial entry into the home. See Murray v. United States, 487 U.S. 533, 537-38 (1988); United States v. McCraw, 920 F.2d 224, 230 (4th Cir. 1990).
 
 
 9
 Accordingly, the district court's denial of Morgan's Motion to Suppress is affirmed.
 
 AFFIRMED